**UNITED STATES of America, Plaintiff,**

v.

**Santos PEREZ DIAZ, Defendant.**

**Crim. No. 92–049(JP).**

United States District Court,
D. Puerto Rico.

July 20, 1992.

Epifanio Morales, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Joseph Laws, Hato Rey, P.R., for defendant.

### ORDER

PIERAS, District Judge.

The Court held a Mental Competency Hearing pursuant to 18 U.S.C. § 4241, on June 22, 1992, wherein Dr. Cabrera, the defendant's examining psychiatrist testified and the Court was able to observe the defendant. The record also contains a written psychiatric evaluation of the defendant by Dr. Cabrera. (Dkt. # 14).

■ The Supreme Court has articulated a two-part test for determining competency to stand trial in a federal court: the defendant must have (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding of the proceedings against him." *Dusky v. U.S.*, 362 U.S. 402, 402, 80 S.Ct. 788, 788, 4 L.Ed.2d 824 (1960). The government bears the burden of proving the defendant's competency to stand trial by a preponderance of the evidence. *Brown v. Warden, Great Meadow Correctional Facility*, 682 F.2d 348, 353–54 (2d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982).

■ If the defendant is found incompetent to stand trial in federal court, he *must* be committed to the custody of the Attorney General for treatment in a suitable facility. 18 U.S.C. § 4241(d).

■ In the instant case, Dr. Cabrera's written report at page three states that: "this individual is unable to stand trial and remains incompetent due to his sever[e] mental illness, he lacks rationale to understand the charges against him. He is unable to assist his attorney in his own defense." This evidence was not rebutted by the government. In addition, the defendant was observed throughout the Hearing, as suffering from nervous tremors (extreme trembling of entire body), which most likely accounted for his inability to take the stand during the Hearing. The Court also noted the multiple lacerations upon the defendant's body, which Dr. Cabrera testified were self-inflicted. Therefore, the Court concludes that the defendant lacks a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and also lacks "a rational as well as factual understanding of the proceedings against him." *Dusky v. U.S.*, 362 U.S. 402, 402, 80 S.Ct. 788, 788, 4 L.Ed.2d 824 (1960).

Wherefore, in view of the foregoing, the defendant is hereby COMMITTED to the custody of the Attorney General. By virtue of 18 U.S.C. § 4241(d), the Attorney General shall hospitalize the defendant for treatment in a suitable facility such as the Buchner federal facility, for a period of one year, as there is a substantial probability that within such time he will attain the capacity to permit the trial to proceed.[1] If the defendant fails to attain the capacity to permit the trial to proceed on or before the one year term expires, the defendant shall be subject to the confinement provisions of 18 U.S.C. § 4246. The government is hereby ORDERED to inform the Court by written motion of the defendant's mental condition when he attains legal capacity or the one year term expires, whichever is earlier.

IT IS SO ORDERED.

---

**1.** Dr. Cabrera testified that when the defendant is treated in a controlled environment for a significant period of time his mental condition improves greatly. This stems in part from the fact that the defendant has a substance abuse problem which improves in a controlled environment, and because his mental condition is effectively treated with prescription drugs which he is ensured of receiving in a controlled environment.